Stephanie, do you have the, can you give me an extra sheet? Thank you. And our first case is number 18-13965, United States v. Vanja Abreu. Mr. Fridman. Mr. Fridman, before I forget to do it at the end, I know you're handling this case, you and the firm, on behalf of Ms. Abreu Pro Bono, and we really thank you for your service, not only to her, but to the court. Thank you. Whenever you're ready. Good morning. May it please the court. I'm Daniel Fridman from the law firm of Fridman, Fells, and Soto, Pro Bono counsel for Dr. Vanja Abreu. Dr. Abreu is seated at the end of our counsel table there. She's present along with her family. Also with me at counsel table are Stephanie Silt Cunha and Dylan Fay, Pro Bono counsel from Whiting Case. And sitting behind them are, uh, additional members of our Whiting Case team that's been working on this case. I would like to set aside five minutes of my time for rebuttal at the end. Sure. For the reasons I will discuss, we're asking the court to reverse the order denying the petition for a certificate of innocence under section 2513 and remand with instructions that the district court issue it. This case turns entirely on the Wilner court's explicit finding that there was no evidence of Dr. Abreu's intent. Can I, can I ask you a question just to kind of get us going? Uh, wasn't the question presented in Wilner? I mean, I think if I'm reading from the opinion itself, you know, we resolve all reasonable inferences and credibility evaluations in favor of the jury's verdict and ask whether any reasonable juror could have found Dr. Abreu guilty beyond a reasonable doubt. So how, given the procedural posture of a direct appeal, how could the 11th circuit have gotten as far as you need it to have gotten? I mean, no matter what it said, no matter what the opinion said, if the opinion had said on balance, we think she's innocent. Would that have even been proper given the procedural posture of a direct appeal from a criminal conviction? You're correct that that's the legal standard. It was a sufficiency of the evidence case. And normally, uh, the, the court is deciding whether the evidence is sufficient. Um, this case went further. It was a unique case. It was an unusual case because the 11th circuit, uh, went through each piece of evidence that the government put forth and concluded that there was no evidence of her intent, no evidence that she willfully joined in and participated in any conspiracy. It was on that basis that we decided this is a unique situation. This is a rare opinion, and we believe that she qualifies because even philosophically, I mean, isn't the, at the very most, at the very outside, the most the 11th circuit can say is the government presented no evidence. That doesn't mean necessarily that she's innocent. It just means that the government presented no evidence. So let's, let's talk about what innocent means in this context. Innocent is defined by 2513. It's three elements. First, that the conviction was reversed or set aside on the ground that she's not guilty of the offense. So that check that check, no dispute. Second, that she did not commit any of the acts charged or her acts and deeds were not a crime. I guess that's the tougher one. That's, that's the one that's I think more into most in dispute. Yup. And third, that she did not, by misconduct or neglect cause or bring about her prosecution. So which the government didn't raise below. So the focusing in on the, on the second, uh, point, um, the, the court, the government's burden was to point that she was innocent. To the evidence showing that it was sufficient and the 11th circuit scrutinized the evidence and said there was no evidence of her intent in, in, if there is no evidence of her intent, there is no crime. See, I guess I think there's a difference between setting aside the procedural posture of a direct appeal where the only question presented is, is there sufficient evidence to convict? I think there is a difference between no evidence of intent and evidence of no intent. It sort of reminds me of what like my 10th grade biology teacher would say when you say I didn't mean to, and he would say, don't not mean to mean not to. And so there's a difference between no evidence of intent and evidence of no intent. And what you eat, what you need, I think for a certificate of innocence is evidence of no intent. And I'm not really sure how the 11th circuit on a direct appeal could even do that validly. So two, two, two responses to that point. First, all the statute requires it's, it's innocence is just a shorthand for satisfying the statutory requirements. Those three things, that's what innocence means in this context. So for point two, uh, our burden is to show based on a preponderance of the evidence that she did not commit the acts charged. The act charge was conspiracy. Right. So you need evidence that she did not commit that act. And I'm not sure what the 11th circuit's opinion can give you in the way of evidence that she didn't commit it. They can only say that there is no evidence that she did. I guess there are two different things. Your position is, okay, let me, let me start out from where my baseline is and see if I, this is the first time we've grappled with this. Yes. With these two statutes. So in Dr. Abreu's case, you have a probable, you have probable cause based on a grand jury indictment. When you start out with the case, right? Right. Then you go to trial and the government's burden is to prove every element of the offense beyond a reasonable doubt. Correct. Right. The 11th circuit holds in Wilmer that as to Dr. Abreu, the government did not meet its burden on the element of intent. And so I want to approach Judge Newsom's questions from a slightly different perspective, but I think it's the same question, which is, how do you bridge the gap between a grand jury probable cause determination, which is not determinative, and the, the 11th circuit panel decision, which said the government did not prove any intent on Dr. Abreu's part beyond a reasonable doubt. Right. Well, that the grand jury standard is, is low. It's, it's probable cause. This was a multi-defendant case. A lot of people were charged together. I don't think that the grand jury's determination initially is, is what's at issue here. It's what did the government actually show at trial? And at trial, the government produced not one document that Dr. Abreu falsified and did not produce any evidence, direct or circumstantial, that she joined in this conspiracy. Um, normally the, the 11th circuit and a reviewing court would say the evidence was insufficient, but in this case, the 11th circuit chose to go further and to say there was, the evidence didn't exist at all. There's precedent for, for this. Uh, look at the, the Betts case. In Betts, this is a 7th circuit case where Betts was an attorney that was, uh, charged with criminal contempt in Betts 1, uh, and sentenced to three months in prison of which he served 15 days. In Betts, the court, the court said that given the context here, a reasonable trier of fact could not have found that the evidence established beyond a reasonable doubt that Betts was guilty of criminal contempt for failing to appear at the hearing. That was Betts 1. The court did not say he was innocent. So Betts applies for a certificate of innocence for the 15 days he spent in prison. And in Betts 2, the court said, well, our prior opinion makes it clear that Betts did not commit a criminal offense. So this language here, reasonable trier of fact could not have found that the evidence established beyond a reasonable doubt. That's our situation. See, I would have thought that the answer to Judge Jordan's question, how do you bridge the gap from like, uh, you know, sort of no evidence sufficient to convict to evidence that she didn't do it would have been that you seek an evidentiary hearing on the certificate of innocence and she might take the stand, jeopardy has evaporated, she might take the stand and explain, like provide additional evidence to meet this preponderance standard, why it is in fact that it's not only that there wasn't sufficient evidence that I did do it, but let me explain to you why I didn't do it. Maybe, you know, maybe it's an affidavit, maybe it's live testimony. And so I would have thought really that you would have been screaming bloody murder in this appeal that the district court denied you an evidentiary hearing. But so far as I can tell in the blue brief, that's not an argument that you've made. Now they say in the red brief, don't worry about the fact that there was no evidentiary hearing. And then in the gray brief, you said, yeah, yeah, yeah, abuse of discretion denying us an evidentiary hearing, but I'm not really sure that you've preserved the argument because you haven't made it in the blue brief. Well, we raised it with the district court below. We asked for a hearing. We only asked for it after we saw the government's response because we thought this was a very clear cut case, uh, based on the 11th circuit's decision in Wilner and the government misconstrued the law, misconstrued the facts. So we asked for the hearing and the judge did not grant it. And we, we did, we did argue this. Did, did you argue in your blue brief that the district court abused its discretion ineffectively as I read the record, ignoring your request for an evidentiary hearing? Because if you did, I actually think that argument's got legs. All right. Um, I, I'll, I'll, I'll check, make sure and address it on rebuttal. No problem. Yeah. So the, the other, the other point, uh, that I think is very important is that the district court here applied the wrong evidentiary, uh, the wrong legal standard to this case. She applied this heightened possibility standard, um, and she used this standard, uh, four times throughout her brief or her, the order. Um, I see my time's up, but I can go ahead and finish that thought. Sure. Uh, so this is, this is in four spots in this decision, she said, if there is room for the possibility that the defendant in fact committed the offense, the requirement of 2513 is not met. Uh, the requirement of 2513 is not met if it remains possible that the defendant committed a crime. And then the district court held while there was insufficient evidence to support Dr. Bruce Conviction, there was still room for the possibility she committed the crime. This was the court's holding. This possibility standard is inconsistent with the statutory text. The statutory text requires proof based on a preponderance of the evidence that she did not commit the acts charged. Uh, this possibility standard is impossible and it's actually, it comes out of the Betz case. Don't, don't you think she was just recognizing sort of the, I guess the question that I was asking, insufficient evidence that she did it and preponderance of the evidence that she didn't do it. There, the gap that Judge Jordan was referring to. The question here is how do you prove a lack of evidence? How do you prove a negative? Yeah, I would think the answer is you have an evidentiary hearing. You put her on the stand. She explains why it is that she didn't do it and there might be very, I mean, she, she might have a really strong case, um, and as a matter of preponderance, you might be able to prove it. Then the district court should have given us the opportunity to replead and revisit this. That's the Abu Shawish decision where the court applied a heightened pleading standard and did not give the petitioner the opportunity to, to replead. Um, so that's, that's what the district court should have done in this case. Okay. Thank you, Mr. Fridman. You've saved your time for rebuttal. Mr. Sanders. May it please the court, Jeremy Sanders of the criminal division on behalf of the United States. Your honors, when this court vacated Dr. Abru's conviction on direct appeal in 2015, it concluded that no reasonable juror could find her guilty beyond a reasonable doubt. Contrary to Dr. Abru's claims now, this court did not reach out and decide an issue not before it, namely that she was actually innocent of the crimes. Is it, is it possible though that, that, uh, whether in this case or otherwise that the 11th circuit or a court of appeals generally on, on a direct appeal of criminal conviction could write an opinion so broad, so sweeping that it would on its face give rise to a certificate of innocence? I think the answer to that is no. And I think that, that the 7th circuit decided that, um, in the Poulanagan decision where they specifically indicated that, uh, the district court in that case had granted the certificate of innocence based on the 7th circuit's prior decision. The 7th circuit on the appeal of the certificate of innocence on the government's appeal reversed and said, no, um, our decision does not automatically follow that there was an actual innocence. In fact, it's a different inquiry. And similarly in the 8th circuit, in the racing services case, uh, made the distinction that, um, it would in fact be dictum, um, for them to have gone beyond that, beyond that standard that is present on a direct appeal, which was inquiring into whether the United States had proven beyond a reasonable doubt. Um, I, I think you're right and I think the 7th circuit is right. They're different inquiries, but let me test your answer to Judge Newsom's question about a general, um, possibility with a hypothetical, okay? So these cases were prevalent here in the 80s and 90s. These were the big drug freighter cases. So a 100 foot boat comes into the United States, into the Port of Miami. Uh, it's loaded with 50 kilograms or more of cocaine or whatever your drug of choice is. It's in a secret compartment. There are 30 crew members aboard and the government at that time says, we indict them all. So you indict 30 of them. And given volume and given all sorts of things that are going on, the poor AUSAs who try the case forget to put on evidence as to one of the crew members. There's no evidence whatsoever about that crew member. They just forget. And the district court makes a mistake and doesn't grant a judgment of acquittal, goes up on appeal. The 11th circuit says, whatever reason as to that defendant, you introduced zero evidence of guilt, zero evidence of guilt. If that opinion, if that sort of an opinion is before us by that defendant, could that opinion give rise to the granting of certificate of innocence under this statute? Respectfully, I will answer that question. Obviously, that's not the case before us here. Of course. I understand that. Yes. I will also say that under those circumstances, I don't believe that that opinion would be sufficient. For many reasons. Well, if there's no evidence whatsoever, doesn't the government have, isn't that enough on a preponderance level, forcing the government to then come up and say, listen, we blew it, but we really had this other evidence that we forgot to put in. Well, no. You're talking about preponderance, which is moving the needle or the football, whatever thing you want to use, a little bit beyond the 50-yard line. You don't think that could be enough? That's the burden of the applicant in this case, Dr. Abreu, to prove that . . . No. I'm moving away from Dr. Abreu's case. This is the hypothetical. We're going to stick on that hypothetical for a moment. In that sort of a case, using a preponderance standard, you don't think that opinion makes it more likely than not that that defendant is innocent by virtue of the complete lack of evidence? Whether it makes that defendant innocent is not the inquiry under a Certificate of Innocence. It is that hypothetical defendant's burden to come forward and show to the district court that he or she did not commit any of the acts charged. There's no evidence. The Eleventh Circuit said there's no evidence. The government's presented no evidence. What does he or she have to show beyond that? Well, I think that exactly what Judge Newsom had alluded to earlier is that this discrepancy, this gulf between a failure to prove a case beyond a reasonable doubt on the jury and the benefit, excuse me, the burden on the applicant for the COI is either a sworn declaration if the defendant can take the stand and testify under penalty of perjury subject to the crucible of cross-examination, but again, it's their burden. Simply coming forward and saying, well, here's the prior Eleventh Circuit's decision said that government didn't introduce any evidence. As a prosecutor, we all know sometimes the evidence doesn't come in as we intended. Maybe a witness didn't say what it had said in proper sessions. That does not mean that there's no evidence out there at all. Your argument in Dr. Abreu's case is that although the evidence the government presented was insufficient to establish guilt beyond a reasonable doubt, there was evidence. Putting a little bit more of a burden, say, on her to come forward with some affirmative evidence. Absolutely. I'm not sure that the hypothetical case that I gave you is the same because that's not a court saying, and the reason it matters at least to me and I think to Judge Newsom and maybe Judge Hall is that we're writing this for the first time. We have to figure out what the statute means and provide some guidance going forward. I speak only for myself and not for my two colleagues. I think that hypothetical, there's a chance that that might be enough for that defendant. I think we'd have to remember what the posture would be on a certificate of innocence claim which perhaps that defendant comes forward and says, maybe just relies solely on the 11th Circus decision, but this government could then come in and say in actuality, no, there was this evidence. Perhaps the witness didn't. I agree, but if nobody presents anything else, at least my own personal opinion, is that in the hypothetical I gave you, if both sides decide to rest on the appellate decision itself and nobody wants to put in any other evidence, I think maybe. Respectfully, I would disagree. I think it would be the burden for them to come forward with something and an absence of evidence is not the same thing as evidence demonstrating by a preponderance that you are in fact actually innocent. Let me turn up the volume on Judge Jordan's hypothetical a little bit and say the 11th assistant, the 30th guy, John Smith, not just that the government missed it and presented no evidence, but in fact, the evidence revealed that John Smith was in Hyannisport when the drug bust went down. What then? I would concede that that would be a different case where I think if there was a factual finding supported by evidence in the record, and again, the government came forward with no contrary evidence to somehow suggest that alibi was not accurate, then you would have a situation where the findings of the 11th Circuit in that prior decision would be determinative or at least would satisfy the initial threshold, then putting the burden back on the government to dispute that. What I do want to point out, though, is the 11th Circuit's decision in this, despite the kept saying, no evidence, no evidence, no evidence, obviously there were several instances where the court indicated that the government had failed to put forward any direct evidence that she willfully or knowingly joined the conspiracy. But what I want to point out is the statute focuses on, we agree, the first element satisfied. The second one, he, she, in this case, did not commit any of the acts charged. And the acts charged, we go back to the indictment in this case, that's at Docket Entry 3, Paragraph 10, was that Dr. Abreu caused the alteration of patient files, as well as therapist notes, for the purpose of making it falsely appear that patients being treated by American Therapeutical qualified for the services. That's not the element of the charge. He was charged with a conspiracy offense. I agree with that. That heresy offense is only that you knew that there was an agreement to commit health care fraud, and that you, knowing the unlawful purpose of the plan, knowingly and willfully joined in that agreement. There's no overt act requirement in the statute. That is correct, but the statute 2513 said did not commit any of the acts charged, not the offense charged, not the crime charged. I think it is relevant to go and look, as other courts interpreting certificate of innocence have said, look to see what the conduct was and whether there was any, the petitioner had demonstrated that she, by preponderance, did not do those things. I also think- If the government charges or lists acts in an indictment which have no connection to the actual charge defense, does a defendant in this sort of proceeding have to disprove those as well? Well, I think that might then fall into the second of those two prongs, which is that if there were things that were alleged in the indictment that don't amount to an offense against the United States, then that perhaps would be in a bet situation, which I respectfully disagree does not control here. There, we were in the second of the two alternatives. In that case- The government throws in an allegation that says, you know, Dr. blank, by the way, has been involved in this sort of healthcare fraud in seven other clinics that he's worked at. Nothing else. Just that allegation, mere allegation. Government presents no evidence of that allegation at trial. What happens? Well, I think under the third prong of the certificate of innocence statute, you'd be ineligible in that instance because- Because she has to disprove that, he or she has to disprove that that conclusory allegation bereft of proof was false. I think under a standard where you have the petitioner has the burden of evidence to demonstrate that she did not commit any of the acts charged or- It's not an act charged. Well, or also didn't by any misconduct of their own, excuse me, I didn't mean to interrupt. I'm speaking indictment, and so it's not an act charged. So I'm wondering what an act charged means in a conspiracy offense. Well, I certainly don't disagree with you that with respect to the element of the conspiracy that she knowingly and willfully joined, the 11th Circuit's decision said that we failed to prove that beyond a reasonable doubt. However, again, back to the, even taking your reading of the statute as the offenses charged or in your, I don't mean to disagree with your sort of phrasing, but- You can disagree. It's okay. But if that's the standard, it's whether she has to demonstrate that she didn't commit any of the offenses charged, the 11th Circuit didn't- One more hypothetical for you on the evidentiary stuff, and again, not this case, okay? So let's say that an individual in Dr. Abreu's position, same type of opinion, government did not present enough evidence to show intent on a charge conspiracy. Individual presents a one-line affidavit that says, I never was involved in or agreed to commit any healthcare fraud offense against the United States, and everything I did was lawful, appropriate, and medically necessary, period, end of story. Government doesn't request an evidentiary hearing and takes the record as it is, and she could, in this instance, if, and I take under your hypothetical that the defendant did not testify at trial, where we've seen other- Did not. Did not. But you get an affidavit that says, I did not do these things. No explanation, just a one-line factual statement, I did not do these things, and everything I did was medically appropriate. Government doesn't seek an evidentiary hearing. Can I ask- And everybody takes the record as it is. All you have is the appellate opinion and the affidavit of the defendant who didn't take the stand at trial. And when you say affidavit, is it sworn under penalty of perjury? An affidavit necessarily is. Okay. Or it can be a declaration. You said statement before, so I just- It can be a declaration, whichever way, but it's a sworn statement under penalty of perjury. I think in the general instance, the district court would have to make a credibility judgment there, which would require- But you don't ask for a hearing. The government may not have asked for an evidentiary hearing, but there may have been an obligation up for the district court to convene one because she must decide, however, I also assume that the district- Was there an obligation sua sponte on the district court to grant one here then? No. Why not here? And yes, in the hypothetical- Because, and I want to point out, if you go to actually the reply for the certificate in an instance, which was the first time before the district court that they asked for it, they didn't ask for an evidentiary hearing. Specifically what they asked for was a hearing so that they could highlight the disagreement between the parties as to the applicable standard, and it would clarify the statute and its requirements. To me, that reads like a legal argument on the merits. There was no indication. She did not attach a sworn statement, a non-sworn statement, any indication that she wished to take the stand under penalty of perjury and be subject to the crucible of cross-examination. They never asked for that. And in fact, even in their brief on appeal and here today, they have said, we don't need to do anything more than submit the 11th Circuit's decision in Wilner. And respectfully, for the reasons that we've discussed, we don't think that's accurate. There is a different standard between the two. And this court's decision did actually elucidate several pieces of evidence, circumstantial I grant you, that were presented at trial that would lead, as the 11th Circuit had said, that it's possible she should have known about the conspiracy, that she made imprudent decisions in admitting patients, that she also altered Medicare files and patient history. Now I know the district court spent some time analyzing the difference between this court's description of that as altered and the government's assertion that it was falsified, and said that was too razor thin of a margin for me to conclude that the government's failure to prove beyond a reasonable doubt equated to her carrying her burden by hundreds of the other. But just so Judge Jordan gets an answer to his question, because I'm now curious about it as well, in the posture that he provides, you've got this opinion in Wilner. She then files an affidavit, a sworn affidavit, that says, I didn't do it. Everything I did was on the up and up. Government puts on nothing. I guess I know you're out of time, but so a one-word answer. The district court could grant the certificate of innocence. The district court could conclude that this one-line affidavit outstrips whatever I'm going to try to tease out of the tea leaves of Wilner. In this case, no, because the district court presided over a trial and heard the testimony of all the other people. I took Judge Jordan's question to be whether a hypothetical defendant who had said, you know, put forth a one-line that I didn't do it. And I suppose if a district court could credit that in some fashion, and there was no other evidence on the other side in the hypothetical, zero evidence presented at all about that perhaps that could be the case. Respectfully, that's not the case here. All right. So now, one more question. Of course. So, if the affidavit is detailed in every way you could ask it to be, the district court still has to hold an evidentiary hearing to test credibility if you decide you want to stand on that affidavit and you don't want to challenge and you don't want to cross-examine and you don't want to ask for an evidentiary hearing? Respectfully, I doubt the government would stand on it. You're living in my hypothetical world. So, and it doesn't always make sense. But in that scenario, right, the district court has to test credibility sua sponte by holding an evidentiary hearing that you do not ask for with a detailed affidavit. Now we're moving away from the one-liner. Yes. I understand. Now, every bit of evidence that the 11th Circuit opinion pointed to but said was insufficient, she explains. And she explains in a way that is facially sufficient. She gives a plausible, credible, innocent explanation for every single one of those acts. You decide for whatever reason that you do not want to ask for an evidentiary hearing and you tell the court the opinion, her detailed affidavit, not enough, deny. And the district court grants. Do you win on appeal? I think it would come down to whether it was simply a decision made by the district judge based on a credibility determination, I believe what this person said, or whether there was detailed allegations that would allow the district judge to conclude that that person couldn't have committed the crime. For instance, you know, I was in Hyannis Port, here's, you know, my record of conviction where I was arrested for, you know, being, you know, a minor in possession with alcohol, you know. Something along those lines. But if it's just a credibility determination, I don't think a district court is entitled to make that without an evidentiary hearing. So for the defendant to win, you always need an evidentiary hearing. For you to win, you don't need an evidentiary hearing. No, I don't believe so. Because the defendant could also introduce actual physical evidence, i.e., as I alluded to, some record that he wasn't in the place at the time. What you were referring to, as I understood it, was a, I didn't do this, it wasn't in my mind. Those are determinations that would have to come from Dr. Abreu, and the district court would have to judge her credibility on the stand subject to cross-examination and under penalty of perjury. Okay, Mr. Snyder. Thank you so much. Thank you. Mr. Friedman, you've got your full five minutes. Okay. So I want to get back to Judge Newsom's question about whether we included that argument in our first initial brief. So that's on page 32 and 33 of our initial brief. What's the docket entry for that? For the brief here? The initial, yes. Here. Okay. Okay. I got it. I got it. So we talk about the kinds of evidence that we could have brought in front of the district court, and we write, if the district court would like to hear from Dr. Abreu through testimony, Dr. Abreu would be willing to testify. The district court did not grant Dr. Abreu's request for a hearing where these issues could have been discussed in more detail. Accordingly, the court should find that the district court abused its discretion by applying a legal standard that improperly raised the burden of proof on Dr. Abreu beyond what is required by the statute. The sentence before that you read said it would be an act of futility for her to bring any additional evidence, such as requesting inmates to be flown back to Miami to testify again other than what was already presented at the trial, and then you went into the sentence if the district court would like to hear from Dr. Abreu. So did you not then indicate that your opinion was it would be futile to even have such a hearing? Well, that's correct. Not as to futility, but as to process. We believe, and it's been our belief from the beginning, that the Eleventh Circuit decision in Wilner on its own is sufficient, that she doesn't have to submit additional evidence in an affidavit. But these are things that could have been fleshed out in front of the district court because these cases are rare. They don't happen very often, and we could have discussed a procedure, whether the judge felt that additional evidence would be necessary if this opinion on its own was not enough. So we did ask for the hearing at the district court level, and keep in mind, the way the Abu Shawish decision in the Seventh Circuit looks at this is our initial petition is like an initial pleading governed by ruling pleading standards. So naturally, you would expect, especially given the rarity of this kind of process, that the judge would have a hearing to discuss what's needed. To follow up on my colleague's questions, when you file the petition, this suggests that you were, in your brief, you're suggesting, well, if you wanted to hear from our client, you could have had a hearing. But you didn't offer anything in your petition, and now you talk about the pleading standards, but the fact remains, should you not have come forward immediately with an affidavit of some sort that would allow her to meet her burden of proof to say, I didn't commit these acts? Then at that point, if that was the issue, it should have been basically dismissed without prejudice to allow us to present additional evidence. That's how a civil case works, and that was the abuse of discretion found in Abu Shawish. But our position is still that, on its own, the Eleventh Circuit's finding that there was no evidence of her intent means she did not commit the acts charged, which is innocence. That's how the statute defines it, did not commit the acts charged. And other courts have concluded that acts charged mean the crime, the conspiracy. And as Judge Jordan pointed out, in the Wilner decision, the Wilner court laid out the elements that were necessary to prove conspiracy, that Dr. Abreu knew the unlawful purpose of the And the district court instructed that the jury that simply performing the tasks that unwittingly advance the purpose of a conspiracy does not make one a co-conspirator. This is basically the reasoning that the judge used to deny the petition using this possibility standard. The possibility standard came from the Betts case, and Betts was not trying to elucidate a standard of review. Betts was merely saying that when a case is dismissed on a procedural ground, like lack of jurisdiction, or like some marital privilege, inadmissible testimony, when a case is dismissed for that reason, then it's, yeah, it's still possible that there was an offense, that there was a crime committed, that possibility is still open. But that wasn't the standard. Betts wasn't elucidating a standard of review. But that's what the district court did in this case. It applied that language from Betts as a standard, which is an impossible standard to meet. It's a higher standard than beyond a reasonable doubt because it leaves, it requires Dr. Abreu to prove a negative, which is that she did not have intent, she did not join a conspiracy that she did not know existed. How else are you going to prove that? She was there. She worked there. She did her job. That's what the 11th Circuit found. And just because she was there doesn't mean she committed any crime. That's the Jones case. He was there in the apartment. But when you strip away all the noncredible evidence, there was nothing left. One last point as to intent, where there have been remands before in this type of situation specifically, has been to determine intent. That's the Palungan decision, Abu Shawish decision. And in this case, we believe intent has already been decided by the 11th Circuit because there was no evidence. So I'll conclude by saying, once again, we're asking the court to reverse the order denying the petition for certificate of innocence and remand with instructions that the district court issue it. Thank you both very much. We really appreciate it.